UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

------------------------------------------------------------------------

**Premium Sports Inc.**

                Plaintiff,

        -against-                                                        **COMPLAINT**

                                                                        Civil Action No.

ANTHONY DONNELLY, Individually, and as officer,
director, shareholder and/or principal of CALLAHANS BAR INC.
d/b/a CALLAHANS TAP,

and

CALLAHANS BAR INC. d/b/a CALLAHANS TAP,
                        Defendants.

------------------------------------------------------------------------

Plaintiff, Premium Sports Inc. (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3.  Upon information and belief, venue is proper in this court because, <u>inter alia,</u> a substantial part of the events or omissions giving rise to the claim occurred within Norfolk County, which is within the District of Massachusetts, Boston Division (28 U.S.C. § 1391(b) and 28 U.S.C. §101).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or had independently transacted business in the Commonwealth of Massachusetts and certain activities of Defendants giving rise to this action took place in the Commonwealth of Massachusetts; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the Commonwealth of Massachusetts.  Moreover, upon information and belief, Defendants have their principal place of business within the Commonwealth of Massachusetts; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5.  The Plaintiff is a California Corporation with its principal place of business located at 2111 San Pablo Ave, Berkeley, CA 94702 and duly registered to do business in the Commonwealth of Massachusetts.

6.  Plaintiff, by contract is the exclusive commercial distributor within the United States of America for the GAA Hurling All-Ireland Senior Championship matches including the Clare vs. Cork Broadcast, which occurred on July 21, 2024, via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming

technology (hereinafter referred to as the "Broadcast").

7.  Upon information and belief the Defendant, ANTHONY DONNELLY, resides at 400 West St., Ste 1, Brockton, MA 02301.

8.  Upon information and belief the Defendant, ANTHONY DONNELLY, was the officer, director, shareholder and/or principal of CALLAHANS BAR INC. d/b/a CALLAHANS TAP located at 296 Copeland St., Quincy, MA 02169. The Massachusetts Secretary of State records reflect that ANTHONY DONNELLY is the Resident Agent, President, Treasurer, Secretary, and Director of CALLAHANS BAR INC.. Please see Exhibit "A" attached hereto.

9.  Upon information and belief the Defendant, ANTHONY DONNELLY, was the individual with supervisory capacity and control over the activities occurring within the establishment known as CALLAHANS BAR INC. d/b/a CALLAHANS TAP, located at 296 Copeland St., Quincy, MA 02169.

10.  Upon information and belief the Defendant, ANTHONY DONNELLY, received a financial benefit from the operations of CALLAHANS BAR INC. d/b/a CALLAHANS TAP, on July 21, 2024.

11.  Upon information and belief, Defendant, ANTHONY DONNELLY, was the individual with close control over the internal operating procedures and employment practices of CALLAHANS BAR INC. d/b/a CALLAHANS TAP on July 21, 2024.

12.  Upon information and belief the Defendant, CALLAHANS BAR INC., is a domestic corporation licensed to do business in the Commonwealth of Massachusetts and

as was doing business as under the trade or fictitious name CALLAHANS TAP.

13.   Upon information and belief, the Defendant, CALLAHANS BAR INC. d/b/a CALLAHANS TAP, is located at 296 Copeland St., Quincy, MA 02169, and had a lawful occupancy capacity of approximately 1-50 people on July 21, 2024.

14.   Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and illicit means and exhibiting within CALLAHANS TAP located at 296 Copeland St., Quincy, MA 02169 on or about July 21, 2024.

### COUNT I

15.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "14," inclusive, as though set forth herein at length.

16.   The Broadcast originated via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

17.   Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses in the Commonwealth of Massachusetts, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

18.   The Broadcast was also available for non-commercial, private viewing for residential Pay-Per-View purchase and consumption via the internet.   Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

19.   In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only.**

20.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted  signal and did exhibit the Broadcast at CALLAHANS  BAR  INC.  d/b/a  CALLAHANS  TAP  located  at  296 Copeland St., Quincy, MA 02169 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

21. Upon information and belief, Plaintiff alleges that Defendants engaged in the unauthorized and   illegal interception and receipt of Plaintiff's Broadcast by ordering programming intended for residential use and subsequently displayed it  publicly in the

commercial establishment known as CALLAHANS BAR INC. d/b/a CALLAHANS TAP located at 296 Copeland St., Quincy, MA 02169 for commercial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

22. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

23. There are multiple illegal and unauthorized  methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals  by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (5) Live or near-live Social Media Streaming or  (6) Live Streaming Apps.  The misuse of OTT

technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

24. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted radio signal Broadcast within CALLAHANS TAP located at 296 Copeland St., Quincy, MA 02169 without a license and without paying a license fee.

25. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

26. By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

27. By reason of the aforementioned Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

28. As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants upon a showing this violation was willful.

29. Pursuant to 47 U.S.C. §605(e)(3)(B)(iii), Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

30.  Plaintiff hereby incorporates paragraphs "1" through "29" as though fully set forth herein.

31.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

33. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

34.  Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

35.  By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553 et seq., thereby giving rise to a private right

of action.

36.    As a result of the aforementioned Defendants' violation of 47 U.S.C. §553 Plaintiff is entitled to damages, in an amount in the discretion of this Court under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorneys fees and costs under §553(c)(2)(C)

### COUNT III

37.   Plaintiff hereby incorporates paragraphs "1" through "36" as though fully set forth herein.

38. Plaintiff, is the owner of the copyright for the Broadcast of the GAA Hurling All-Ireland Senior Championships: Clare vs. Cork Match which aired on July 21, 2024. The Certificate of Registration Application was filed with the U.S. Copyright Office on October 15, 2024 with Registration number PA 2-500-281.

39.   As a copyright holder of the Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution and exhibition licensing to commercial establishments.

40.   Defendants never obtained the proper authority or license from Plaintiff, to publicly exhibit the Broadcast on July 21, 2024.

41.    Upon information and belief, the Defendants and/or their agents, servants, workers and employees unlawfully obtained the program through fraud and/or intercepted the Broadcast, thereby enabling Defendants to publicly exhibit the Broadcast without a license for public performance or paying the appropriate licensing fee to Plaintiff.

42.   By reason of the aforementioned conduct, the Defendants willfully violated

17 U.S.C. §501(a).

43.  By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

44.  As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages, in the discretion of this Court, under 17 U.S.C. §504(b).

45.  Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

> (a) Declare that Defendant's unauthorized exhibition of the July 21, 2024, GAA Hurling All-Ireland Senior Championship: Clare vs. Cork Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain**,**
>
> (b)   On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(f) On the third cause of action, statutory damages under 17 U.S.C. §504(c)(1) and 504(c)(2), at, in the discretion of this Court, against Defendants, *jointly and severally* and actual damages and profit pursuant to 17 U.S.C. §504((b)

 (g) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

Dated: December 9, 2024
      Ellenville, New York

**Premium Sports Inc.**

By:  <u>/s/Wayne D. Lonstein</u>
WAYNE D. LONSTEIN, ESQ. (#629060)
LONSTEIN LAW OFFICE, P.C.
Attorney for Plaintiff
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:  845-647-6277
Email: <u>Legal@signallaw.com</u>
*Our File No. PSI24-02MA-01*